Matter of Deborah R. v Dean E.H. (2020 NY Slip Op 01564)





Matter of Deborah R. v Dean E.H.


2020 NY Slip Op 01564


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


11248 F-01967/01/17D

[*1] In re Deborah R., Petitioner-Respondent,
v
Dean E.H., Respondent-Appellant.


Dean E. Hart, appellant pro se.
Dobrish Michaels Gross LLP, New York (Robert S. Michaels of counsel), for respondent.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about February 22, 2019, which, after a hearing, denied respondent father's objections to an order of support, same court (Cheryl Weir-Reeves, Support Magistrate), entered on or about November 16, 2018, to the extent it denied his request for credit against his support obligation for the parties' child's college room and board expenses and for any income the child might earn during his co-op program of study, unanimously affirmed, without costs.
Respondent is not entitled to a credit against his support obligation for any income the parties' child might earn during his co-op program of study (see Matter of Kent v Kent, 29 AD3d 123, 134 [1st Dept 2006] ["Financial aid in the form of loans and work study shall have no bearing on (the) respondent's financial obligation (for college expenses) and he thus shall not be entitled to any credits therefor"]).
The Family Court properly denied respondent's request for a credit for the child's college room and board expenses. A credit against child support for room and board expenses "is not mandatory but depends upon the facts and circumstances in the particular case, taking into account the needs of the custodial parent to maintain a household and provide certain necessaries" (Matter of Wheeler v Wheeler, 174 AD3d 1507, 1510 [4th Dept 2019] [internal quotation marks omitted]). Here, there is sufficient support in the record to show that there is no basis for a credit. Respondent testified that he contributed "more than $400,000 dollars" of his own money to his campaign for County Legislator, State Assembly and Town Clerk, and offered to pay one million dollars to erect a Billy Joel statute at Nassau County Coliseum. Moreover, respondent's 2016 income tax return indicates that respondent received approximately $280,000 in supplemental, income for that year. Respondent also owns two properties with one being valued at over two million dollars, and he is currently enrolled in a master's degree program at Columbia University and pays an annual tuition of approximately $80,000 dollars. Further, the Magistrate found incredible respondent's testimony in which he attempted to minimize his [*2]assets. For the foregoing reasons, we find no basis to reduce his child support obligations.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK